### IN THE UNITED STATES BANKRUPTCY COURT FOR
### THE NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| DORIS W. BROWN | CHAPTER 13 PROCEEDING |
| DEBTOR | CASE NO. 17-12598 |

### APPLICATION FOR COMPENSATION

Comes now the Debtor in the above styled and numbered cause, Doris W. Brown, by and through her Special Counsel, and files this, her Application To Approve Settlement, in support thereof would show as follows, to wit:

(1)   The Debtor filed her Chapter 13 Petition in this cause on July 14, 2017.

(2)   On or about May 30, 2014, the Debtor, while in the course and scope of her employment with the City of West Point, Mississippi Sanitation Department, was involved in an accident in West Point, Clay County, Mississippi at Better Brands Distributing Company, and Debtor sustained an injury to her left foot. The Debtor filed a Complaint in the Circuit Court of Clay County, Mississippi against Better Brands Distributing Company seeking damages connected to the above-referenced accident. She was later joined via Intervening Complaint filed by the Mississippi Municipal Workers' Compensation Group c/o MS Municipal Service Company. MS Municipal Service Company was the workers' compensation carrier for the Debtor's employer, the City of West Point, Mississippi, and pursuant to the applicable provisions of the Mississippi Workers' Compensation Act, paid indemnity and medical benefits to or on behalf of the Debtor in the total amount of $38,971.67, for which the MS Municipal Service Company holds a statutory lien against any settlement proceeds.

(3) The Debtor employed Carter Dobbs, Jr., attorney at law, to represent her in the above described claim. On March 28, 2018, this Court entered an Order Authorizing Employment of Attorney, authorizing the employment of Carter Dobbs, Jr., to represent the Debtor in the above described personal injury claim.

(4) Debtor's Special Counsel, Carter Dobbs, Jr., was successful in his representation of the Debtor. The above described personal injury claim, as set out in said lawsuit in the Circuit Court of Clay County, Mississippi was mediated, and settlement of the Debtor's personal injury claim has been reached, whereby Nationwide Insurance Company, the insurer of Better Brands Distributing Company, has agreed to pay to the Debtor the sum of $60,000.00 in full and complete settlement of said claim and cause of action.

(5) Carter Dobbs, Jr., as Special Counsel for the Debtor, seeks compensation for professional fees in the principal amount of $13,606.76 (40% of $34,016.89, rather than 40% of $60,000.00) and reimbursement for expenses in the amount of $254.00, as more fully set forth in the Attorney Contract, Exhibit "A", and description of expenses attached as Exhibit "B."

WHEREFORE, PREMISES CONSIDERED, Debtor Doris W. Brown prays that the sum of $13,860.76 to be paid to Special Counsel Carter Dobbs, Jr., and for any other further relief as is just.

Respectfully submitted,

 /s/ Carter Dobbs, Jr.
SPECIAL COUNSEL FOR DEBTOR

CARTER DOBBS, JR.
SPECIAL COUNSEL FOR DEBTOR
MISSISSIPPI BAR NO. 6137
103 2ND AVENUE NORTH
POST OFFICE BOX 517
AMORY, MISSISSIPPI 38821
TEL: (662) 256-5697
FAX: (662) 256-1483
E-MAIL: carterdobbslaw@gmail.com

18.0047.mh

## ATTORNEY CONTRACT

KNOW ALL MEN BY THESE PRESENTS: I, Doris Brown, do hereby employ Carter Dobbs, Jr., Attorney at Law, Amory, Mississippi, to represent me in the matter of injuries I received in connection with an accident that I suffered at Better Brands Distributing Co. in West Point, Clay County, Mississippi on May 30, 2014.

I hereby agree and contract to pay said attorney the sum of 40% of all sums (gross amount) recovered regardless of whether suit is filed or whether the case is tried if suit is filed. I agree to pay all Court cost, deposition expense, medical reports, medical bill recovery and all other out-of-pocket expenses incurred by my said attorney from my portion of any recovery. This is a contingent Contract.

I hereby authorize the said Carter Dobbs, Jr. to investigate the facts and, if he thinks advisable, to file suit and prosecute same, and to negotiate for settlement, if in his judgment, a settlement is advisable, and to compromise and settle the above claim, but in no instance shall a settlement be made without my consent.

WITNESS my signature, on this the ___12___ day of August 2015.

_____
DORIS BROWN

WITNESS:

_Billie Sue Hillhouse_

15.0902.mbw

EXHIBIT "A"

**SETTLEMENT STATEMENT OF DORIS W. BROWN**
**D/O/A: May 30, 2014**
**Bankruptcy Case No. 17-12598**

| | | |
|---|---|---|
| Amount Of Total Settlement: | | $60,000.00 |
| Less Legal Fees: (34,016.89 x 40%) = | | $13,606.76 |
|     Circuit Court filing fee | $161.00 | |
|     Service of Process cost | 35.00 | |
|     Cost of obtaining medical records and postage | 58.00 | |
|     Retired Judge James Floyd – mediation fee ($400.00) | N/C | |
|     TOTAL: | $254.00 | $254.00 |
| Less Statutory Lien: | | |
|     MS Municipal Service Company | | $25,983.11 |
| **AMOUNT DUE TO BANKRUPTCY ESTATE:** | | **$20,156.13** |

**EXHIBIT "B"**